# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-41301

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALFREDO CHACON,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, DeMOSS, and HIGGINSON, Circuit Judges.

HAROLD R. DeMOSS, Circuit Judge:

Alfredo Chacon ("Chacon") was convicted of illegal reentry and sentenced to 46 months' imprisonment. On appeal he challenges the 16-level enhancement he received which was based on the district court's determination that he had committed a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Specifically, he argues that the enhancement was improper because he was convicted of an "attempt" offense and because the district court was not allowed to rely on the Application for Statement of Charges.

"This court reviews de novo the district court's guidelines interpretations and reviews for clear error the district court's findings of fact." *United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007). We "may affirm the district court's

No. 12-41301

judgment on any basis supported by the record." *Id.* (internal quotation marks and citation omitted).

Chacon acknowledges that he was convicted under § 3-307(a)(3) of Maryland's criminal code.[1]   We now consider whether that conviction is a crime of violence.

A crime of violence is defined by the guidelines:

"Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, **sexual abuse of a minor**, robbery, arson,

---

[1] Section 3-307 provides in relevant part:

(a) A person may not:
. . . .
(3) engage in sexual contact with another if the victim is under the age of 14 years, and the person performing the sexual contact is at least 4 years older than the victim;
. . . .

MD. CODE ANN., CRIM. LAW § 3-307.

At the time of Chacon's offense, "sexual contact" was defined to mean:

(f)(1) "Sexual contact", as used in §§ 3-307 and 3-308 of this subtitle, means an intentional touching of the victim's or actor's genital, anal, or other intimate area for sexual arousal or gratification, or for the abuse of either party.
(2) "Sexual contact" includes an act:
(i) in which a part of an individual's body, except the penis, mouth, or tongue, penetrates, however slightly, into another individual's genital opening or anus; and
(ii) that can reasonably be construed to be for sexual arousal or gratification, or for the abuse of either party.
(3) "Sexual contact" does not include:
(i) a common expression of familial or friendly affection; or
(ii) an act for an accepted medical purpose.

MD. CODE ANN., CRIM. LAW § 3-301 (2002) (current version at § 3-301).

2

No. 12-41301

> extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added). After reviewing § 3-307(a)(3) we are satisfied that a violation of that section constitutes sexual abuse of a minor under the plain-meaning approach. *See United States v. Rodriguez*, 711 F.3d 541, 552 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013).

Furthermore, a crime of violence includes *an attempt* to commit a crime of violence. U.S.S.G. § 2L1.2 cmt. n.5. We note that Chacon has not argued that an "attempt" under Maryland law is different from an "attempt" under the guidelines. *See United States v. Sanchez*, 667 F.3d 555, 560-66 (5th Cir. 2012).

Because a conviction under § 3-307(a)(3) is a crime of violence, we do not reach the issue of whether a sentencing court may consider an Application for Statement of Charges from Maryland.

Therefore, we AFFIRM the judgment of the district court.