# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10693
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENDRICK JERMAINE FULTON, also known as Ken Fulton,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-2

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Kendrick Jermaine Fulton, federal prisoner # 30080-177, is serving a 400-month term of imprisonment, which was imposed following his conviction of conspiring to possess with intent to distribute more than five kilograms of cocaine and intent to manufacture, distribute, and possess with intent to distribute more than 50 grams of cocaine base.  He appeals from the denial of his "Motion to Determine the Applicability of the Fair Sentencing Act," in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which he sought clarification as to the district court's determination of drug quantity for purposes of application of the Fair Sentencing Act (FSA) to his case. In the motion, Fulton indicated that he intended to file an 18 U.S.C. § 3582(c)(2) motion based on the FSA in the future; however, he expressly stated his filing was not a motion for relief under § 3582(c)(2).

The district court determined that Fulton's motion was seeking legal advice or strategy, and it denied the motion on the grounds that it did not present a justiciable controversy. We "may affirm the district court's judgment on any basis supported by the record." *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

In his pro se appellate brief, Fulton argues that issues related to the possibility of a sentence reduction under § 3582(c)(2) were not moot because the district court had the authority to sua sponte grant such relief. He asserts that there is a justiciable controversy as to the "law-of-the-case" regarding the drug quantity that will be used to determine his eligibility for relief. He also contends that a justiciable controversy exists because the FSA is retroactive.

Section 3582(c)(2) does not require the district court to consider a sentence reduction on its own motion, nor is the district court required to determine the applicable drug quantity under § 3582(c)(2) prior to the filing of a motion for a reduction of sentence. In view of the foregoing, Fulton "filed an unauthorized motion which the district court was without jurisdiction to entertain. Thus, he has appealed from the denial of a meaningless, unauthorized motion." *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). The judgment of the district court is AFFIRMED.