# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50775
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KAREN FIDELINA PORTILLO-ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1747

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Karen Fidelina Portillo-Romero pleaded guilty to a single count of illegal reentry after removal. She received a 16-level sentencing enhancement because she previously had been removed following a conviction for a crime of violence, which was identified as a Maryland conviction for "Sex Offense, Third Degree." *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii); MD. CODE ANN., CRIMINAL LAW § 3-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

307 (2010).  The district court imposed a within-guidelines range sentence of 52 months of imprisonment and three years of supervised release.

On appeal, Portillo-Romero argues that the record at sentencing was insufficient to show which subsection of the Maryland statute she was convicted under and, therefore, the district court erred by relying on the characterization of this prior offense as a crime of violence.  She also briefly argues that the Maryland offense does not qualify as a crime of violence.

In its brief, the Government argues that Portillo-Romero waived any error regarding the 16-level enhancement.  We disagree.  *See United States v. Arviso-Mata,* 442 F.3d 382, 384 (5th Cir. 2006).  As she concedes, Portillo-Romero forfeited this issue and plain error review applies.  To demonstrate plain error, Portillo-Romero must show a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and that affects her substantial rights.  *See Puckett v. United States,* 556 U.S. 129, 135 (2009).  If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Portillo-Romero pleaded guilty to Count Two of her indictment, which alleged that she violated Maryland "Section 3-307" by engaging in "vaginal intercourse" with the victim.  Based on the indictment, it would not be plain error to conclude that Portillo-Romero was convicted under either § 3-307(a)(3) or, more likely, § 3-307(a)(5), notwithstanding her contention that the dates alleged in the indictment render it difficult to determine the subsection.

We have held that a conviction under § 3-307(a)(3) qualifies as a crime of violence because "a violation of that section constitutes sexual abuse of a minor under the plain-meaning approach."  *United States v. Chacon,* 742 F.3d 219, 220 (5th Cir. 2014).  We have not specifically addressed a conviction under

§ 3-307(a)(5). However, in *United States v. Rodriguez,* 711 F.3d 541, 561 (5th Cir.) (en banc), *cert. denied* 134 S. Ct. 512 (2013), we held that the generic definition of the enumerated offense of "statutory rape" was sexual intercourse with a person who is below the age of consent, which is the age of majority as defined by statute. The age of majority in Maryland is 18. MD. CODE ANN., GEN. PROVISIONS, § 1-401(a)(1). Thus, a determination that § 3-307(a)(5) comports with the generic, contemporary meaning of the enumerated offense of "statutory rape" and qualifies as a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) likely would not constitute error at all; at the least, it is not clear or obvious error. *See Puckett,* 556 U.S. at 135.

For the reasons discussed above, we conclude that the district court did not plainly err in concluding that Portillo-Romero previously was deported following a felony conviction for a crime of violence and imposing a 16-level enhancement. Therefore, her sentence is AFFIRMED.