# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2021

Lyle W. Cayce
Clerk

No. 20-60450
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUDY HARMON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CR-38-10

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Judy Harmon, federal prisoner # 17940-042, appeals the district court's denial of her motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). She argues that the district court erred in denying her motion because she is at high risk of severe illness or death from COVID-19

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60450

as she is 52 years old and obese with a body mass index of 36. She further asserts she has no violent criminal history, poses no danger to the community, has no disciplinary convictions, has done volunteer work and taken educational courses, and has a reentry plan to live with her daughter. In addition, she argues the Federal Public Defender appointed to represent her in the district court was ineffective.[1]

A § 3582(c)(1)(A) compassionate release motion may be filed by a defendant "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule. *See United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020), *cert. denied*, 2020 WL 7132458 (U.S. Dec. 7, 2020) (No. 20-5997). In *Franco*, the court noted that "[t]he First Step Act, in clear language, specifies what a defendant must do before [he] files a motion for compassionate release in federal court." 973 F.3d at 468. The court held that, because the Government properly raised the rule requiring exhaustion in the district court, "the court *must* enforce the rule." *Id.* (internal quotation marks and citation omitted; emphasis in original).

In this case, the Government properly raised the exhaustion rule in the district court, and Harmon did not dispute that, prior to filing her motion, she failed to file a motion with the warden. Accordingly, we affirm the district

---

[1] For the first time on appeal, Harmon asserts that she is experiencing deteriorating physical and mental health due to the aging process and that she was a "long time smoker" before incarceration. We decline to consider these arguments because Harmon has not demonstrated extraordinary circumstances warranting this court's review in the first instance. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

No. 20-60450

court's denial of Harmon's motion on the ground that she failed to exhaust her administrative remedies. *See Franco*, 973 F.3d at 468; *see also United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

In addition, Harmon has not shown that the district court abused its discretion in denying her motion on the merits. The district court determined Harmon did not establish that she had a specific health condition that constituted an extraordinary and compelling reason for compassionate release and that release was not warranted due to her conviction of a serious drug offense, her failure to show she was not a danger to the community, and her failure to show how the pandemic had impacted her or warranted her immediate release. Harmon's arguments do not establish that the district court based its decision on an error of law or a clearly erroneous assessment of the evidence when it determined that the 18 U.S.C. § 3553(a) factors weighed against a compassionate release sentence reduction. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020). Her disagreement with how the district court balanced the § 3553(a) factors is insufficient to establish an abuse of discretion and "is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694.

AFFIRMED.