# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2021

Lyle W. Cayce
Clerk

No. 20-10965
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESSIE ALAN HUCKEL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-988
USDC No. 4:17-CR-176-3

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jessie Alan Huckel, federal prisoner # 56008-177, pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine, and the district court imposed a sentence of 200 months

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10965

in prison to be followed by four years of supervised release. In the district court, Huckel filed a letter that urged the reasons why he believed that he qualified for compassionate release and also requested appointment of counsel. The district court construed the letter filing as a motion for compassionate release and denied it. On appeal, Huckel contends that the district court erred in construing his letter as a motion for compassionate release. He also challenges the district court's denial of his constructive motion, arguing that he is entitled to compassionate release due to the extraordinary and compelling circumstances COVID-19 poses in a prison setting, particularly in light of various preexisting ailments from which he suffers.

As a preliminary matter, Huckel has not shown any error in the district court's construction of his letter as a motion for compassionate release. Although in a single sentence Huckel asked to be appointed counsel, his letter was otherwise wholly devoted to presenting the reasons why he believed he was entitled to compassionate release, including that his preexisting ailments put him at an increased risk for serious illness from COVID-19, that his family would support him upon release, and that he had made efforts at rehabilitation while in prison and had exhausted his administrative remedies. Additionally, he attached to his letter 38 pages of documentation to support his claim. Because his letter contained arguments as to why he should be granted compassionate release and was devoid of any arguments as to why he was entitled to appointment of counsel, the district court reasonably construed Huckel's letter as a motion for compassionate release. To the extent that Huckel challenges the district court's implicit denial of his request for the appointment of counsel, he has not shown that the court abused its discretion in that regard. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

No. 20-10965

As to Huckel's challenge to the denial of his constructive motion for compassionate release, a district court may reduce a defendant's term of imprisonment if, after considering the applicable 18 U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."     18 U.S.C. § 3582(c)(1)(A)(i).  A district court's decision to deny a prisoner's motion for compassionate release is reviewed for an abuse of discretion, and deference is given to the district court's application of the § 3553(a) sentencing factors.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Here, although the district court initially found that extraordinary and compelling reasons did not exist, it alternatively denied Huckel's motion on the ground that he was not entitled to compassionate release because the § 3553(a) factors did not weigh in his favor.  Specifically, the district court found that: Huckel had committed a serious offense; he had a "fairly lengthy criminal history"; denial of the motion was necessary to protect the public from future crimes; and releasing Huckel was not in the interests of justice and would minimize the seriousness of his offense.  *See* § 3553(a)(1)-(2). While Huckel makes conclusional statements that the § 3553(a) factors favor his early release and that the district court failed to consider the § 3553(a) factors, he fails to articulate which factors the district court neglected to consider.  Huckel's disagreement with the district court's weighing of the sentencing factors is not sufficient to demonstrate an abuse of discretion, particularly given that Huckel provides no evidence or case law establishing that the district court based its decision on a legal error or on an erroneous assessment of the facts.  *See Chambliss*, 948 F.3d at 694.

Because we can affirm on any basis supported by the record, *see United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014), we need not address the

No. 20-10965

district court's alternative reason for denial, namely that denial of the motion was warranted because Huckel posed a danger to other persons or the community, as contemplated by the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13.

Accordingly, the judgment is AFFIRMED.