# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2021

Lyle W. Cayce
Clerk

No. 20-10879
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FREDERICO GONZALEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-329-13

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

In 2004, Frederico Gonzalez, federal prisoner # 31225-177, pleaded guilty to: one count of conspiracy to distribute and possess, with intent to distribute, cocaine, cocaine base, marihuana, and MDMA, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii)(II), and (b)(1)(B)(vii); and one count

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of conspiracy to transport, and attempt to transport, monetary instruments from inside, to outside, the United States, in violation of 18 U.S.C. § 1956(h). Gonzalez was sentenced to, *inter alia*, life imprisonment—later reduced to 360-months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

Proceeding *pro se*, he challenges the district court's denial of his motion, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release. Gonzalez contends the court: concluded erroneously he failed to exhaust his administrative remedies; and did not consider his various medical conditions that, in conjunction with COVID-19, constitute "extraordinary and compelling reasons" qualifying him for compassionate release. (Gonzalez also asserts, for the first time on appeal, an outbreak of Legionnaires' disease at his prison warrants his compassionate release. Notwithstanding the outbreak occurred after the court's ruling, we decline to consider this contention. *E.g.*, *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling.").)

Under § 3582(c)(1)(A), a district court may reduce a prisoner's term of imprisonment if, after considering the applicable 18 U.S.C. § 3553(a) sentencing factors, it concludes: "extraordinary and compelling reasons warrant such a reduction"; and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A). The denial of a motion for such release is reviewed for abuse of discretion, *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); and it may be affirmed on any basis supported by the record, *see United States v. Lang*, 835 F. App'x 790, 791 n.1 (5th Cir. 2021) (citing *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014)).

No. 20-10879

Regarding exhaustion, Gonzalez maintains: he properly exhausted his claims by submitting a request for compassionate release to the warden; and he was not required to raise his specific medical conditions in his request because his health information is private, the warden had access to his medical records, and he only needed to give notice to the warden of his intent to file a motion in court.

Contrary to Gonzalez' interpretation, "Congress used clear language: all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts". *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Gonzalez' request to the warden stated, *inter alia*, he suffered from an unspecified "terminal medical condition"; it did not discuss the conditions referenced in his subsequent § 3582(c)(1)(A) motion. Given that Gonzalez did not exhaust his claim, we do not consider the court's alternative denial on the merits. *See Lang*, 835 F. App'x at 791.

AFFIRMED.