# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2021

Lyle W. Cayce
Clerk

No. 21-40048
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KYLE THOMAS DUGGER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-40-1

Before KING, SMITH, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Kyle Thomas Dugger, federal prisoner # 26971-078, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion requesting a compassionate release reduction in his sentence based on his health conditions, his family situation, and the COVID-19 pandemic. The district

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40048

court concluded that Dugger had not established extraordinary and compelling circumstances warranting release. In addition, the district court considered the 18 U.S.C. § 3553(a) factors and found that release was inappropriate.

We review the district court's decision to deny a prisoner's motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Because Dugger filed the motion for compassionate release, the district court's decision is "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Here, although the district court denied the motion because it found no compelling or extraordinary reasons for a sentence reduction in light of the factors set forth in U.S.S.G. § 1B1.13, it also ruled that the § 3553(a) factors did not weigh in favor of a reduction, given the nature of the offense and Dugger's personal characteristics, the need for deterrence, the need for just punishment, and the need to protect the public. We may affirm on any basis supported in the record. *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

The district court did not abuse its discretion by denying Dugger's motion based on its weighing of the § 3553(a) factors. The district court could rely on information outside the factual basis of Dugger's guilty plea to determine the seriousness of the offense and the danger to the community. *See, e.g.*, *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir 2013) (noting that a presentence report generally contains sufficient indicia of reliability to permit a district court to rely on it at sentencing in the absence of rebuttal evidence). Although Dugger contends that the district court judge has failed to grant compassionate release in any case and that he therefore faces a sentencing disparity when compared to individuals who were granted relief by other judges, he has not shown that any such disparity was unwarranted or that he was similarly situated to those other defendants. *See* § 3553(a)(6);

No. 21-40048

*United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 827 (2020).  In addition, Dugger has failed to establish that the district court's decision evinced bias against him. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Mizell*, 88 F.3d 288, 300 (5th Cir. 1996).

We afford deference to the district court's consideration of the § 3553(a) factors. *Chambliss*, 948 F.3d at 693.  Dugger does not meaningfully cite to an error of law or point to a clearly erroneous assessment of the evidence, and his mere disagreement with the court's balancing of the § 3553(a) factors "is not a sufficient ground for reversal."  *Id.* at 694. Accordingly, the judgment of the district court is AFFIRMED.