# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2021

Lyle W. Cayce
Clerk

No. 20-10624
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHELLE RENEE WHITMAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 2:17-CR-27-1

Before KING, SMITH, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Michelle Whitman pleaded guilty to two counts of uttering and possessing a counterfeit security and was sentenced to 210 months in prison and a three-year term of supervised release. She appeals the denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10624

The question whether Whitman exhausted her claims is not jurisdictional. *See United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020). Accordingly, we need not decide the propriety of the district court's exhaustion determination because the judgment may be affirmed on other grounds. *See id.*; *see also United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

We review a decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when its decision is grounded in a legal error or clearly erroneous facts. *Id.*

Although the district court mentioned U.S.S.G. § 1B1.13 in its order, there is nothing in the record to indicate that it felt bound by that guideline and its commentary. Instead, the record shows that the denial was based on its balancing of the 18 U.S.C. § 3553(a) factors and that it did not abuse its discretion by denying the motion. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Whitman's arguments amount to a disagreement with the district court's weighing of the § 3553(a) factors, which does not suffice to show error. *See Chambliss*, 948 F.3d at 694. Accordingly, the judgment is AFFIRMED.