# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2021

Lyle W. Cayce
Clerk

No. 21-10036
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KHALED AL HAJ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-243-1
USDC No.4:20-CV-427

Before CLEMENT, ELROD, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Khaled Al Haj, federal prisoner # 54760-177, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a compassionate release reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) and the denial

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of his three motions for reconsideration of the denial of the motion for compassionate release. In denying the motion for compassionate release, the district court concluded that Al Haj had not established extraordinary and compelling circumstances warranting release. When denying his first and second motions for reconsideration, the court considered the 18 U.S.C. § 3553(a) factors and found that release was inappropriate.

We construe Al Haj's IFP motion as a challenge to the district court's certification that his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To show a nonfrivolous appellate issue, he must show that his appeal raises legal points that are arguable on the merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

We review the district court's decision to deny a prisoner's motion for compassionate release and motion for reconsideration for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008). Because Al Haj filed the motion for compassionate release, the district court's decision is "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Here, although the district court denied the motion because it found no compelling or extraordinary reasons for a sentence reduction in light of the factors set forth in U.S.S.G. § 1B1.13, it also articulated later when denying Al Haj's first and second motions for reconsideration that the § 3553(a) factors did not weigh in favor of a reduction, given the nature of the offense, the need for deterrence, and the need for just punishment. We may affirm on any basis supported in the record. *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

We afford deference to the district court's consideration of the § 3553(a) factors. *Chambliss*, 948 F.3d at 693. Al Haj's mere disagreement with the court's balancing of the § 3553(a) factors "is not a sufficient ground for reversal." *Id.* at 694. Additionally, Al Haj has shown no error in connection with the adequacy of the district court's written reasons for denying the third motion for reconsideration and his motion to proceed IFP on appeal. *See Baugh*, 117 F.3d at 202 n.21.

Accordingly, Al Haj fails to demonstrate that his appeal involves any arguably meritorious issues. *See Howard*, 707 F.2d at 220. We DENY his motion to proceed IFP and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.