# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2021

Lyle W. Cayce
Clerk

No. 20-50831
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Martin Hernandez, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-148-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Martin Hernandez, Jr, federal prisoner # 61727-280, moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court found that Hernandez failed to exhaust his administrative remedies and denied the motion on its merits. On appeal, Hernandez argues that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

district court abused its discretion by failing to find extraordinary and compelling reasons to grant the motion. *See United States v. Chambliss*, 948 F.3d 691, 693 & n.2 (5th Cir. 2020); *United States v. Barry*, 978 F.3d 214, 217 (5th Cir. 2020).

The district court found that Hernandez did not exhaust his administrative remedies before he filed his motion for compassionate release. The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule. *See United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020). In this case, the Government raised the exhaustion rule in the district court and submitted an affidavit from a bureau of prison's official certifying that the bureau of prisons had no record of any request for compassionate release from Hernandez. Accordingly, the district court's factual finding that Hernandez did not exhaust his administrative remedies before filing the instant motion in the district court is plausible when considered in the context of the entire record. *See Barry*, 978 F.3d at 217. We affirm on this basis. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

AFFIRMED.