# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2021

Lyle W. Cayce
Clerk

No. 21-50112
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BENNY RAY REGALADO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-834-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Benny Ray Regalado, federal prisoner # 44219-380, appeals the district court's denial of his motion for a compassionate release reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). On appeal, he contends that the district court failed to adequately explain its decision.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50112

We review a district court's decision denying a prisoner's motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a defendant's sentence after it considers the applicable 18 U.S.C. § 3553(a) factors if "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). The district court must provide specific reasons for its decision to deny a motion for a sentence reduction, *Chambliss*, 948 F.3d at 693, but the amount of explanation needed depends "upon the circumstances of the particular case," *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). "In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors." *Id.*

The record reflects that the district court gave due consideration to Regalado's request for compassionate release. Its explanation was brief, but it referenced Regalado's motion for a sentence reduction and the Government's response. *See id.* Although the district court did not explicitly reference § 3553(a), it explained that it had taken into account the benefit Regalado received by the initial sentence of probation and his failure to comply with the conditions of supervision, which resulted in revocation and the current prison sentence. *Id.*; *see* § 3553(a)(1). Because both Regalado and the Government presented arguments regarding the sentencing factors, the record reflects that the district court considered the § 3553(a) factors. *See Chavez-Meza*, 138 S. Ct. at 1968. Although Regalado contends that the district court's opinion does not detail whether it found any extraordinary and compelling reasons supporting a compassionate release reduction and does not make clear whether the court considered as binding the policy statements set forth in U.S.S.G. § 1B1.13, we need not consider such arguments in light of the court's consideration of the § 3553(a) factors. *See*

2

No. 21-50112

*United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014) (stating that this court may affirm on any basis supported by the record).

Regalado has not shown a legal error or clearly erroneous assessment of the evidence in the district court's consideration of his § 3582(c)(1)(A) motion. *See Chambliss*, 948 F.3d at 693. Accordingly, the judgment of the district court is AFFIRMED.