# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2021

Lyle W. Cayce
Clerk

No. 20-61160
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Howard Lee Walker, III,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-167-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Howard Lee Walker, III, federal prisoner # 20961-043, was sentenced to 60 months' imprisonment followed by three years' supervised release after pleading guilty to one count of conspiring to possess with intent to distribute heroin. After serving about half of his custodial sentence, Walker

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61160

filed a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. Walker appeals the district court's denial of that motion.

Walker argues that compassionate release is warranted because he suffers from underlying health conditions that put him at greater risk during the COVID-19 pandemic and because he needs to obtain custody of his minor child. We review the district court's decision to deny a motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court concluded that Walker was not entitled to compassionate release because he failed to show extraordinary and compelling reasons and because the 18 U.S.C. § 3553(a) factors did not weigh in his favor. Walker has not shown that the district court's assessment of the § 3553(a) factors was based on a legal error or a clearly erroneous view of the record. *See Chambliss*, 948 F.3d at 693. Because we may affirm on this ground, we need not consider the other bases for the district court's denial. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

AFFIRMED.