# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2021

Lyle W. Cayce
Clerk

No. 21-20154
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAIME GUERRERO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CR-50-2

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Jaime Guerrero, federal prisoner # 79072-079, was convicted of: conspiring to use and carry a firearm during, and in relation to, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1), (o); aiding and abetting a carjacking resulting in serious bodily injury, in violation of 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20154

§§ 2119(2), 2; aiding and abetting others in using and carrying a firearm during, and in relation to, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1), 2; aiding and abetting a carjacking resulting in death, in violation of 18 U.S.C. §§ 2119(3), 2; and aiding and abetting others in using and carrying a firearm during, and in relation to, a crime of violence resulting in death, in violation of 18 U.S.C. §§ 924(c)(1), 922(j)(1), 2.  Guerrero, who shot and killed one of the carjacking victims, was sentenced to, *inter alia*, life imprisonment.  Proceeding *pro se*, he challenges the denial of his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).  He contends the district court abused its discretion by:  confining its review to Sentencing Guideline § 1B1.13 (compassionate release policy statement); and failing to adequately weigh the 18 U.S.C. § 3553(a) sentencing factors, including by not considering that the Guidelines are advisory.

As reflected above, denial of a compassionate-release motion is reviewed for abuse of discretion.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  The denial may be affirmed on any basis supported by the record, such as the court's analysis of the § 3553(a) factors.  *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014); *see also Chambliss*, 948 F.3d at 693–94 (conducting factor analysis).

The court concluded:  Guerrero was not entitled to compassionate release because he failed to show extraordinary and compelling reasons warranting his release; and, even if he had, the § 3553(a) factors did not support sentence reduction.  Guerrero has not established the court based its denial "on an error of law or a clearly erroneous assessment of the evidence".  *Id.* at 693 (citation omitted) (noting this constitutes abuse of discretion).  Moreover, there is no indication the court failed to consider that the Guidelines are advisory.

AFFIRMED.