# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2021

Lyle W. Cayce
Clerk

No. 21-40050
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Gary Don Franks,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-155-1

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Gary Don Franks, federal prisoner # 10948-078, seeks to proceed in forma pauperis (IFP) in this appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He has also moved for leave to file a supplemental brief, which motion is GRANTED. We

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40050

construe Franks's IFP motion as a challenge to the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3). To show a nonfrivolous appellate issue, Franks must demonstrate that his appeal raises legal points that are arguable on the merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

The denial of a motion for compassionate release is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted). Because Franks himself filed the motion for compassionate release, the district court's ruling on it was "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

The district court found that Franks failed to show compelling or extraordinary reasons for a sentence reduction; it also found that the 18 U.S.C. § 3553(a) factors weighed against a reduction. Franks challenges both determinations, but because we may affirm on any basis supported by the record, we address only the latter. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014). This court gives deference to a district court's consideration of the § 3553(a) factors. *Chambliss*, 948 F.3d at 693. Here, the record reflects that the district court considered Franks's arguments but nevertheless concluded that the § 3553(a) factors weighed against his request in view of the nature of his offense, his history and characteristics, and the need to provide just punishment. Franks does not show that the court abused its discretion in reaching this conclusion, and his disagreement with the court's balancing of the § 3553(a) factors "is not a sufficient ground for reversal." *Id.* at 694.

No. 21-40050

Accordingly, Franks fails to demonstrate that his appeal involves any arguably meritorious issues. *See Howard*, 707 F.2d at 220. We DENY his motion to proceed IFP and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.