# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2021

Lyle W. Cayce
Clerk

No. 21-60441
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LOUIS NORMAND,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:20-CR-73-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Proceeding *pro se*, Louis Normand, federal prisoner # 22091-043, challenges the denial of his motion for compassionate release under the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A). He contends the district court erred in concluding he failed to: properly exhaust his administrative

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

remedies; and demonstrate extraordinary-and-compelling reasons warranted sentence reduction.

Denial of a compassionate-release motion is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The denial may be affirmed "on any basis supported by the record", such as the court's analysis of the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014); *Chambliss*, 948 F.3d at 693–94 (noting reversal not justified if "the appellate court might reasonably have concluded that a different sentence was appropriate" (citation omitted)).

As reflected above, our court need not consider the district court's exhaustion and extraordinary-and-compelling circumstances conclusions because it did not abuse its discretion by, alternatively and independently, concluding a sentence reduction was not warranted, based on the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); *Chambliss*, 948 F.3d at 693–94 & n.3 (noting "a court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence" (citation omitted)).

AFFIRMED.