# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2021

Lyle W. Cayce
Clerk

No. 21-40224
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BILLIE EARL JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:12-CR-88-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Billie Earl Johnson, federal prisoner # 20588-078, appeals the district court's denial of his motion for early release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On appeal, he contends that the district court abused its discretion by relying on the policy statements set forth in U.S.S.G.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§ 1B1.13, failing to consider his post-sentencing rehabilitation efforts and the totality of the circumstances warranting early release, and not taking into account the ineffectiveness of the COVID-19 mitigation efforts at the prison facility where he is housed.

We review a district court's decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a defendant's sentence, after considering the applicable 18 U.S.C. § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

To the extent it considered § 1B1.13, the district court did not abuse its discretion because there is no indication that the court considered § 1B1.13 binding, and the court also denied Johnson's request for early release based on balancing the § 3553(a) factors. *See United States v. Cooper*, 996 F.3d 283, 288–89 (5th Cir. 2021) (applying *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021)). Similarly, the district court's consideration of the efforts of the Bureau of Prisons in addressing the pandemic was separate from its application of the § 3553(a) factors, and we may uphold the district court's ruling on that basis. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014). Additionally, the district court was aware of and at least implicitly considered Johnson's rehabilitation efforts while in prison. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (noting that it may be sufficient for a judge to rely on the record to make clear that he considered the parties' arguments and took into account the § 3553(a) factors).

Although Johnson may disagree with how the district court balanced the § 3553(a) factors, that is not a basis for concluding that the court abused

No. 21-40224

its discretion. *See Chambliss*, 948 F.3d at 693. Accordingly, the district court's denial of relief is AFFIRMED.