# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2021

Lyle W. Cayce
Clerk

No. 21-50148
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRITTNEY ALONI SOLIS TOBAR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-10-2

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.
PER CURIAM:*

Brittney Aloni Solis Tobar, federal prisoner #06931-480, is serving a 240-month sentence for her convictions for conspiracy to possess with intent to distribute at least 500 grams of methamphetamine and being a felon in possession of a firearm. She appeals the district court's denial of her motion

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). She argues that the district court failed to give reasons for finding that she was a danger to the safety of another person or the community pursuant to U.S.S.G. § 1B1.13(2), p.s., that it erred in determining that the 18 U.S.C. § 3553(a) factors did not support an early release, and that it failed to provide specific instances regarding her history and characteristics that did not justify a reduced sentence. While she contends that she suffers from asthma and that she is needed at home to care for her children, those facts, which were not presented to the district court, will not be considered. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Also, she has abandoned her argument regarding the calculation of her guidelines range. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review for an abuse of discretion, which occurs when a district court "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted). Because Tobar filed the motion in question, the district court was "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

The district court determined that the § 3553(a) factors weighed against a sentence reduction. Tobar's mere disagreement with the court's balancing of the § 3553(a) factors "is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694. Moreover, the district court stated it had conducted a "complete review of the motion on the merits" and then cited specific facts and § 3553(a) factors as its bases for concluding that compassionate release was not warranted under § 3553(a). Its explanation for the sentence was sufficient. *See United States v. Chavez-Meza*, 138 S. Ct. 1959, 1965 (2018). Because we affirm on the basis of the district court's

No. 21-50148

§ 3553(a) analysis, we need not address Tobar's challenge to the district court's determination that compassionate release was also not warranted under the § 1B1.13(2) policy statement. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).  The order of the district court is AFFIRMED.