# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2022

Lyle W. Cayce
Clerk

No. 21-10111
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Pascual Jaime Avalos,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:21-CV-14

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Pascual Jaime Avalos, federal prisoner # 50853-177, appeals the denial of his combined motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), request for relief pursuant to Federal Rule of Civil Procedure 60(b), and for a writ of error pursuant to 28 U.S.C. § 1651. He

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10111

argues that the district court's denial of the motion was an abuse of discretion because he presented extraordinary and compelling circumstances warranting relief and demonstrated that the 18 U.S.C. § 3553(a) factors weighed in favor of granting the motion.

This court reviews a district court's denial of a motion for compassionate release under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). A district court may reduce the defendant's term of imprisonment if, after considering the applicable § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i), (ii).

The record does not support Avalos's argument that the district court did not conduct an individualized assessment of the § 3553(a) factors or the combination of the factors he raised to demonstrate extraordinary and compelling reasons in support his request for compassionate release. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967–68 (2018); *Thompson*, 984 F.3d at 433–35. Even assuming that Avalos put forth extraordinary and compelling reasons warranting compassionate release, this court can affirm the district court's denial of Avalos's motion if it determines that the district court did not abuse its discretion by relying on an alternate, independent analysis of the § 3553(a) factors. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014). The court's determination that Avalos's compassionate release motion should be denied in light of the § 3553(a) factors reflects implicit consideration of Avalos's personal history as well as the nature and circumstances of the offense and the need to promote respect for the law and ensure just punishment for the offense. *See Chavez-Meza*, 138 S. Ct. at 1967–68; § 3553(a)(1). Avalos's disagreement with the district court's implicit weighing of the § 3553(a) sentencing factors is not sufficient to illustrate an

No. 21-10111

abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020).

A motion under § 3582(c)(1)(A) is the statutory mechanism for prisoners to request a reduction of a sentence for compelling reasons. *See* § 3582(c)(1)(A). Therefore, Avalos has not shown that the district court abused its discretion by denying his requests for a sentence reduction under Rule 60(b) and § 1651.

AFFIRMED.