# United States Court of Appeals for the Fifth Circuit

No. 22-10127
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Martinez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-76-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Per Curiam:*

A jury convicted Christopher Martinez, federal prisoner # 29153-077, of conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846, and three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1). He was sentenced to life imprisonment. Martinez now appeals

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the district court's denial of his second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Martinez argues that compassionate release was warranted based on the 18 U.S.C. § 3553(a) factors and the following extraordinary and compelling reasons: his age, the amount of time already served, his post-sentencing rehabilitation efforts, sentencing disparities, the COVID-19 pandemic, the prison's restrictive COVID-19 policies, and legal developments including *United States v. Booker*, 543 U.S. 220 (2005), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). We review the district court's decision to deny a motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court expressly indicated that it considered the applicable § 3553(a) factors to determine that Martinez's circumstances did not warrant relief, and Martinez has failed to demonstrate that the district court based its decision on an error of law or a clearly erroneous assessment of the evidence. *See id.* Because we may affirm on this ground, we need not consider the other bases for the district court's denial. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

To the extent Martinez argues that prison officials have violated the Eighth Amendment, claims regarding prison conditions are properly addressable in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). As for his claims that attack the validity of his conviction, the proper vehicle to assert such claims is a 28 U.S.C. § 2255 motion, *see Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000), or, in rare instances, a 28 U.S.C. § 2241 motion, *see* § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

AFFIRMED.