# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-50458
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Richard Walters,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-327-1

———————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Mark Richard Walters, who was convicted of one count each of possessing a firearm after a felony conviction and internet stalking, appeals following resentencing on remand, which resulted in imposition of a total of 41 months in prison and a three-year term of supervised release. *See United States v. Walters*, No. 22-50774 c/w No. 22-51023, 2024 WL 512555 (5th Cir.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Feb. 9, 2024) (unpublished). We may affirm the district court's judgment on any ground supported by the record. *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

He fails to challenge his sentence and thus shows no error concerning it. Instead, he raises arguments concerning the constitutionality of 18 U.S.C. § 922(g)(1) both facially and as applied to him, as well as arguments concerning the district court's denial of his motion to withdraw his guilty plea. Insofar as he duplicates the arguments raised and rejected in his first appeal, these claims are barred by the law-of-the-case doctrine. *United States v. Teel*, 691 F.3d 578, 582 (5th Cir. 2012). Insofar as he raises new arguments challenging his firearms conviction, they are barred by the mandate rule because they exceed the scope of our remand. *See id.* at 583. His argument that *United States v. Rahimi*, 602 U.S. 680 (2024), qualifies as an exception to the mandate rule fails because that case simply "reinforced and refined the *Bruen* analysis." *Reese v. Bureau of Alochol, Tobacco, Firearms, and Explosives*, 127 F.4th 583, 587 (5th Cir. 2025). The judgment of the district court is AFFIRMED.