# United States Court of Appeals for the Fifth Circuit

_____

No. 24-10649
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marcus Maxwell,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-70-1

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Marcus Maxwell appeals from the district court's denial of his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. After determining that Maxwell failed to establish excusable neglect, the district court denied Maxwell's Rule 33 motion as untimely because he filed it almost

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

five years after his guilty verdict. In the alternative, the district court also determined that Maxwell's Rule 33 motion should be denied on the merits.

Federal Rule of Criminal Procedure 33 provides that upon the defendant's motion, a district court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Where, as here, the motion is based on newly discovered evidence, the motion must be filed within three years after the verdict. Fed. R. Crim. P. 33(b)(1). The denial of a motion for a new trial is reviewed for abuse of discretion, and questions of law are reviewed de novo. *United States v. Pratt*, 807 F.3d 641, 645 (5th Cir. 2015).

After considering the four factors in the excusable neglect inquiry, the district court determined that the first three factors weighed in favor of denying Maxwell's Rule 33 motion. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *see also United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995) (holding that *Pioneer*'s excusable neglect standard is also applicable in the criminal context). On appeal, Maxwell argues that the district court erred in its assessment of the first three factors, but he fails to show that the district court abused its discretion in that regard. Because we can affirm the district court's denial on that basis, we need not consider the district court's alternative basis for its denial. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

AFFIRMED.